UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Dahl Trucking Inc.

Plaintiff,

vs.

National Casualty Company

Defendant.

Case No.: 00-CV-2197 DWF/AJB

**STIPULATION TO AMEND PLEADINGS** and order

Defendant National Casualty Company and Plaintiff Dahl Trucking Inc., through their respective counsel, hereby stipulate that defendant National Casualty Company may amend its Answer to assert rescission as an additional affirmative defense, designated as Defendant's First Amended Answer and attached hereto.

Dated: 12/29/00

Robert E. Salmon (123031)
Andrea L. Huff (0298177)
**Meagher & Geer, P.L.L.P.**
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 338-0661

*Attorneys for Defendant*
*National Casualty Company*

JAN 03 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: 12/24/00

Henry M. Helgen, III (#151075)
Kathleen Brennan (#256870)
**McGrann, Shea, Franzen, Carnival, Straughn & Lamb**
2600 US Bancorp Center
800 Nicollet Mall
Minneapolis, MN 55402

*Attorneys for Plaintiff Dahl Trucking Inc.*

**ORDER**

Based upon the foregoing stipulation, leave of court is granted to allow defendant National Casualty to file the attached Amended Answer.

By the Court:

Honorable Judge Arthur J. Boylan

Dated: 1/2/01

853766.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Dahl Trucking Inc.

Plaintiff,

vs.

National Casualty Company

Defendant.

Case No.: 00-CV-2197 DWF/AJB

**AMENDED ANSWER**

**(JURY TRIAL DEMANDED)**

---

COMES NOW National Casualty Company, through its attorneys, and for its amended answer to Dahl Trucking's Complaint, incorporates the allegations it its Answer and Counterclaim, except to the extent herein admitted, and denies each and every fact, matter, allegation and thing contained in the Complaint, except as hereafter specifically admitted. For its amended answer to each of the specific paragraphs of the Complaint, National Casualty pleads as follows:

1. Answering paragraph I, admits said allegations upon information and belief.

2. Answering paragraph II, admits that it is duly authorized to write insurance in the State of Minnesota and that its principal place of business is in Scottsdale, Arizona.

3. Answering paragraph III, states that it is authorized to sell insurance in the State of Minnesota, alleges that said paragraph contains legal allegations as to which no answer is required and affirmatively alleges that jurisdiction in federal court is appropriate for the reasons pled in Defendant's removal pleadings.

4. Answering paragraph IV, reasserts its allegations in the immediately preceding paragraph.

5. Answering paragraph V admits that Plaintiff maintains an office in Granada, Minnesota

upon information and belief.

6. Answering paragraph VI, admits that Plaintiff maintains a location in Swea City, Iowa upon information and belief.

7. Answering paragraph VII admits that Defendant issued a policy to Plaintiff, Policy No. CT 050986, the terms of which speak for themselves and which are incorporated by reference and that said policy, as issued, was in force on May 29, 1998. Defendant affirmatively denies that coverage is available to Plaintiff under said policy (hereinafter identified as the "Policy") for the loss pled in Plaintiff's Complaint.

8. Answering paragraph VIII, admits that, subject to terms and conditions of coverage, a 1992 Volvo Tractor (hereinafter referred to as the "Vehicle") was added to the Policy, denies that the vehicle identification number is as pled in the Complaint, and affirmatively denies that coverage is available for the loss pled in Plaintiff's Complaint.

9. Answering paragraph IX, admits on information and belief, that the Vehicle was involved in a rollover accident in or near Northbrook, Illinois on or about May 29, 1998.

10. Answering paragraph X, admits, on information and belief, that the Vehicle sustained damage which rendered it inoperable.

11. Answering paragraph XI, is without sufficient information to admit or deny said allegations and therefore deny same.

12. Answering paragraph XII, admits that certain towing and storage charges were incurred.

13. Answering paragraph XIII, admits that the Vehicle was rendered inoperable but, with respect to the remaining allegations of the Complaint, is without sufficient information to admit or

deny them, and they are therefore denied.

14. Answering paragraph XIV, admits that National Casualty received notice of the accident pled in Plaintiff's Complaint.

15. Answering paragraph XV, admits that on or about August 4, 1998, a claims examiner at National Casualty Company wrote to Plaintiff to state its coverage position, the terms of which speak for themselves and are hereby incorporated by reference.

16. Answering paragraph XVI, deny that Defendant had previously engaged in claims payments that were contrary to the parties' agreement.

17. Answering paragraph XVII, admit that at some point in time, certain of Plaintiff's vehicles were insured subject to a 300 mile radius at a 300-mile radius premium, but specifically denies that the Vehicle involved in the accident alleged in Plaintiff's Complaint was insured on this basis. Defendant also alleges that even if said Vehicle had been added on a 300-mile radius basis that no coverage would be available for the accident pled in Plaintiff's Complaint.

18. Answering paragraph XVIII, denies said allegations.

19. Answering paragraph XIX, realleges the allegations from paragraphs 1 through 18 of its Answer herein.

20. Answering paragraph XX, denies that it represented to Plaintiff that coverage for the Vehicle under the Policy was based upon a 300 mile radius.

21. Answering paragraph XXI, admits that an increased premium was charged for vehicles insured at the higher radius limit.

22. Answering paragraph XXII, alleges that on August 4, 1998, it communicated its coverage position to Plaintiff, as pled above, which response is incorporated by reference.

23. Answering paragraph XXIII, denies that it has breached its obligations under the Policy.

24. Answering paragraph XXIV, denies said allegations.

25. Answering paragraph XXV, realleges paragraphs 1-24 as set forth herein.

26. Answering paragraph XXVI, denies that it has previously paid uncovered claims.

27. Answering paragraph XXVII, denies said allegations.

28. Answering paragraph XXVIII, denies said allegations.

29. Answering paragraph XXIX, denies said allegations.

**AFFIRMATIVE DEFENSES**

30. Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

31. Defendant alleges that coverage under the Policy is barred or precluded, or in any event, any possible relief is limited by the provisions, terms, conditions, limitations, including applicable limits of liability, and exclusions contained in said policy and radius limitations for the Vehicle and all vehicles insured the Policy.

32. Affirmatively alleges that no coverage is afforded for the loss pled in the Complaint because the loss occurred at a location in excess of the applicable radius limits that apply to the Vehicle under the Policy.

33. Affirmatively alleges that the action may be barred by plaintiff's failure to disclose material facts when it purportedly applied for insurance coverage from National Casualty Company, rendering the alleged policy or policies void ab initio and/or giving rise to the right of rescission.

34. Defendant alleges that Plaintiff is not entitled under the Policy, or in law or equity, to

recover from Defendant its alleged costs, expenses and attorneys' fees in the action.

35. Affirmatively alleges that Plaintiff has failed to sustain its burden of proof with respect to the necessary elements of the cause of action for promissory estoppel.

36. Plaintiff has failed to plead its allegations with sufficient particularity to permit Defendant to determine all applicable defenses. Therefore, Defendant reserves the right to assert additional defenses once all such information is obtained through discovery and investigation.

WHEREFORE, Defendant National Casualty Company prays that Plaintiff take nothing by its pretended cause of action, that this Defendant have judgment of dismissal with prejudice entered in its favor, and that Defendant be awarded its costs and disbursements incurred herein, including attorneys' fees, together with such other relief as the Court deems just and equitable.

DEFENDANT DEMANDS TRIAL BY JURY.

Dated: 12/29/00

Robert E. Salmon (123031)
Andrea L. Huff (0298177)
**Meagher & Geer, P.L.L.P.**
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 338-0661

*Attorneys for Defendant*
*National Casualty Company*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.211 to the party against whom the allegations in this pleading are asserted.

Robert E. Salmon

853772.1